UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-22987-KMW

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

APPROXIMATELY $21,248,434.25 IN U.S.
CURRENCY, DEPOSITED WITH THE CLERK
OF COURT OF THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT OF
FLORIDA, AND ENTERED AS TO NAMAN
WAKIL WITH RECEIPT #FLS100234601,

        Defendant *In Rem.*

_____/

## **VERIFIED CLAIM OF INGRID MARIA SAYEGH SAKKAL**

Claimant Ingrid Maria Sayegh Sakkal ("Sayegh"), by and through undersigned counsel, submits this Verified Claim in accordance with Rule G(5)(a)(i) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and states:

1. In 1997, Sayegh married Naman Wakil.

2. In April 2015, Sayegh and Wakil opened a joint account (No. X6315) at REYL & Cie, S.A. bank in Switzerland (the "Joint Account"). A copy of the "Joint Account Agreement, Individual Signature with Right of Exclusion," signed by

Sayegh and Wakil on April 23, 2015, is attached as **EXHIBIT A** (the Joint Account Agreement).

3. The Joint Account was in the name of "Wakil Naman and/or Sayegh Sakkal Ingrid Maria," which were recognized as the "Holders" of the Joint Account. *See* **EXHIBIT A**, introduction.

4. Paragraph 2 of the Joint Account Agreement provided:

> The Bank shall grant to each Holder of the joint account the right to carry out any and all transactions related thereto, acting **individually** and without the participation of any of the other Holder(s), i.e., to proceed with any deposits and withdrawals, to dispose of the balance of the account, to apply for credits, to overdraft the account, to request loans and direct or indirect liabilities, to sign all deeds and documents, to close the account, and to give discharge to the Bank.

*Id.* at ¶2 (emphasis in original).

5. All the funds deposited into the Joint Account were owned by Sayegh and Wakil as husband and wife.

6. On July 29, 2021, a grand jury in the Southern District of Florida returned an indictment against Wakil. ECF#3, Case No. 21-20406-CR-Williams.

7. On August 6, 2021, as a condition to the government's agreement for Wakil's pre-trial release, Sayegh arranged that all the funds in the Joint Account be transferred to the United States and deposited in the court registry to post Wakil's bond. *See* ECF#14, No. 21-20406-CR-Williams (minute order of detention proceedings).

8. On August 11, 2021, approximately $21,248,434.25 in U.S. currency was transferred from the Joint Account in Switzerland to the U.S. Treasury (receipt #FLS100234601). *See* ECF#16:7, No. 21-20406-CR-Williams (appearance bond and receipt).

9. The Court Registry's receipt reflected that the $21,248,434.25 in U.S. currency transferred from the Joint Account was paid exclusively by Sayegh, and Sayegh was the sole remitter. *See id.*

10. On July 24, 2023, while awaiting trial on the criminal indictment, Wakil passed away.

11. Paragraph 6 of the Joint Account Agreement provided:

**In the event of death . . . of one of the Holders, this agreement shall remain in force regarding the other Holders who shall keep their right to dispose of the account, any other person being excluded.**

**EXHIBIT A** at ¶6 (emphasis in original).

12. On August 9, 2023, the government filed the instant action seeking forfeiture in rem of the $21,248,434.25 that was transferred from the Joint Account to the Court Registry (the "Defendant Asset"). ECF#1. Sayegh was not served with the Complaint.

13. On August 26, 2023, notice of seizure of the Defendant Asset was published on www.forfeiture.gov. The notice states that this was the first publication date. **EXHIBIT B**.

14. Sayegh filed this Verified Claim within 60 days of the first publication, so her filing is timely.

15. On September 6, 2023, the Court issued a warrant for arrest in rem of the Defendant Asset. ECF#6.

16. On September 7, 2023, the government dismissed the indictment against Wakil. ECF#110, No. 21-20406-CR-Williams (order of dismissal).

17. Sayegh claims an interest in the Defendant Asset of approximately $21,248,434.25 in U.S. currency, deposited with the Clerk of Court of the United States District Court for the Southern District of Florida, with Receipt No. #FLS100234601.

18. Sayegh denies that the Defendant Asset was the proceeds of a criminal offense and denies any knowledge that the Defendant Asset was the proceeds of a criminal offense.

19. The Defendant Asset is owned by Sayegh.

20. Sayegh contests the forfeiture.

21. Sayegh demands attorneys' fees and costs pursuant to applicable law, including 28 U.S.C. §§ 2412(d)(4) and 2465(b).

22. Sayegh reserves any and all objections and defenses, including objections to this Court's jurisdiction over the subject of this action.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Rule G(9) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Claimant Sayegh hereby demands a trial by jury on all issues, without prejudice to jurisdictional defenses.

Respectfully submitted,

**BLACK SREBNICK**
201 South Biscayne Boulevard, Suite 1300
Miami, Florida 33131
Tel. (305) 371-6421

/s/   *Howard Srebnick*
HOWARD SREBNICK, ESQ.
Florida Bar No. 919063
E-mail: HSrebnick@RoyBlack.com

## **VERIFICATION**

I, Ingrid Maria Sayegh Sakkal, make this verification on my own behalf.

I have read the foregoing Verified Claim of Ingrid Maria Sayegh Sakkal responsive to the Verified Complaint in *United States v. Approximately $21,248,434.25 in U.S. currency*, Case No. 1:23-CV-22987-KMW, and know the contents of the Verified Claim.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed and signed on October 25, 2023, at Miami, Florida.

_____
Ingrid Maria Sayegh Sakkal

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive Notices of Filing electronically.

*/s/ Howard M. Srebnick*
Howard M. Srebnick