UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-22987-KMW

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

APPROXIMATELY $21,248,434.25 IN U.S.
CURRENCY, DEPOSITED WITH THE CLERK
OF COURT OF THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT OF
FLORIDA, AND ENTERED AS TO NAMAN
WAKIL WITH RECEIPT #FLS100234601,

        Defendant *In Rem*.

_____/

**CLAIMANT'S UNOPPOSED MOTION FOR EXTENSION
OF TIME TO FILE RESPONSIVE MOTION OR PLEADING**

Claimant Ingrid Maria Sayegh Sakkal ("Sayegh"), by and through undersigned counsel, files this Unopposed Motion for Extension of Time to File a Responsive Motion or Pleading, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, through December 15, 2023. In support, Sayegh states:

    1.    The government filed a Verified Complaint for Forfeiture *In Rem* on August 9, 2023. ECF#1.

    2.    The government submitted an application for warrant of arrest *in rem*, which this Court granted on September 6, 2023. ECF#1-2, 6.

3. On October 25, 2023, Claimant Sayegh filed a Verified Claim in accordance with Rule G(5)(a)(i) of the Federal Rules of Civil Procedure, Supplemental Rules for Asset Forfeiture Actions. ECF#9. Pursuant to 18 U.S.C. § 983(a)(4)(B), an answer or responsive motion to the Verified Complaint is due on November 14, 2023.[1]

4. The government seeks to arrest approximately $21,248,434.25 in U.S. Currency, which was deposited with the Clerk of Court of the United States District Court for the Southern District of Florida (Receipt No. #FLS100234601) (the "Defendant Asset") in connection with the bond posted to secure the pre-trial release of Naman Wakil in a separate criminal case. *See* Case No. 21-20406-CR-Williams.

5. The Defendant Asset remains in the custody and control of the Clerk of Court, who will not release the Defendant Asset until the Court has ordered the bond to be disbursed in Case No. 21-20406-CR-Williams.

6. Meanwhile, the government disclosed that it intends to either (1) amend the current Verified Complaint to include additional assets it seeks to forfeit, or (2) file a separate forfeiture complaint against the additional assets and will seek to consolidate the cases.

---

[1] Rule G(5)(b) and § 983(a)(4)(B) have conflicting deadlines with respect to when a responsive pleading or motion is due. *Compare* Rule G(5)(b) (responsive pleading due within 21 days after claim is filed) *with* § 983(a)(4)(B) (responsive pleading due within 20 days after claim is filed). Claimant Sayegh assumes the more restrictive deadline applies (20 days).

7. Good cause exists to extend the deadline for Sayegh to file an answer or responsive motion through December 15, 2023, to avoid duplicative motion practice, preserve party resources, and promote judicial economy.[2]

8. The government has consented to the relief requested.

WHEREFORE, Claimant Sayegh respectfully requests that the Court grant an extension of the deadline to file an answer or responsive motion through to and including December 15, 2023.

---

[2] Claimant Sayegh does not hereby waive any claim or defense, including jurisdictional defenses, expiration of the statute of limitations, or any other legal defense available to Sayegh.

## CERTIFICATION OF PRE-FILING CONFERENCE

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that they have conferred with counsel for the government in a good faith effort regarding the matters set forth in this Motion. The government does not oppose the relief requested herein.

Respectfully submitted,

**BLACK SREBNICK**
201 South Biscayne Boulevard, Suite 1300
Miami, Florida 33131
Tel. (305) 371-6421

/s/   *Howard Srebnick*
HOWARD SREBNICK, ESQ.
Florida Bar No. 919063
E-mail: HSrebnick@RoyBlack.com