UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>1:23-cv-22987</u>

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

vs.

**APPROXIMATELY $21,248,434.25 IN U.S. CURRENCY, DEPOSITED WITH THE CLERK OF COURT OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA, AND ENTERED AS TO NAMAN WAKIL WITH RECEIPT #FLS100234601,**

        **Defendant *in rem*.**

_____/

IN RE:

**INGRID MARIA SAYEGH SAKKAL.**

        **Claimant.**

_____/

**<u>STIPULATION AND SETTLEMENT AGREEMENT</u>**

The United States of America (the "United States") and Ingrid Maria Sayegh Sakkal through undersigned counsel ("Claimant") (collectively, the "Parties") hereby stipulate and agree, subject to the approval of this Court, as follows:

1. The Parties agree to resolve this matter consistent with the sound policy favoring settlement of legal disputes without resort to unnecessary litigation.

2. The Court has jurisdiction over the Parties, the defendant *in rem*, and the subject matter of this Stipulation and Settlement Agreement (the "Agreement").

3. The terms of the Agreement are subject to the approval by the Court and any violation of any terms or conditions shall be construed as a violation of an order of the Court.

4. On August 9, 2023, the United States filed a civil forfeiture complaint against Defendant *In rem*, Approximately $21,248,434.25 in U.S. currency, deposited with the Clerk of Court of the United States District Court for the Southern District of Florida, and entered as to Naman Wakil with receipt #FLS100234601 ("Defendant Asset") ("Forfeiture Action"). Complaint, ECF No. 1.

5. Direct notice of the *in rem* civil forfeiture action was sent to any person who reasonably appeared to be a potential claimant with legal standing to contest the forfeiture, or such person was on actual notice of the forfeiture. In addition, notice of the civil forfeiture was posted on an official government internet site (www.forfeiture.gov) for a period of 30 days. 21 U.S.C. § 853(n)(1); Fed. R. Crim. P. 32.2(b)(6).

6. On October 25, 2023, Claimant timely filed a verified claim asserting an interest in the Defendant Asset. *See* Claim, ECF No. 9. Thereafter, Claimant filed a motion to dismiss the Forfeiture Action on March 1, 2024. *See* MTD, ECF No. 19.

7. No other claims or answers have been filed in this action, and pursuant to Rule G(5) of the Supplemental Rules of Certain Admiralty or Maritime Claims and Asset Forfeiture Actions and the Federal Rules of Civil Procedure ("Supplemental Rule G"), the time for filing a claim in this action has passed.

8. As of the end of June 2024, the value of the Defendant Asset, with interest, was approximately $23,078,472.39. The Defendant Asset will continue to accrue interest pending release to Claimant of 10% of the value of the Defendant Asset with interest, as described in paragraphs 10 and 13 below.

9. The Claimant agrees that the United States shall retain 90% of the value of the Defendant Asset, including interest ("Forfeiture Amount"). The Claimant further agrees to the

final forfeiture of the Forfeiture Amount.

10. The United States will make every effort to expedite its release of the remaining 10% of the value of the Defendant Asset, including interest accrued through the date of payment, to Claimant ("Settlement Payment") within 60 days after approval of this agreement by the Court.

11. The Agreement is conditioned upon the United States resolving all claims to the Defendant Asset and the United States obtaining an order of forfeiture that vests all right, title, and interest in the Defendant Asset to the United States (the "forfeiture of the Defendant Asset").

12. The Claimant agrees to assist the United States and cooperate fully in all forfeiture proceedings involving the Defendant Asset, including, but not limited to, by consenting to all orders of forfeiture of the Defendant Asset; not contesting or impeding any criminal, civil or administrative forfeiture proceeding concerning the Defendant Asset; executing documents to implement further the terms of the Agreement; and notifying the United States if it learns of any condition that might affect the value of the Defendant Asset.

13. After the forfeiture of the Defendant Asset, the United States agrees that the Settlement Payment shall be made to the Claimant in full satisfaction of the Claimant's claim to the Defendant Asset, including any interest arising from and relating to the Defendant's seizure, detention, and forfeiture.

14. The Claimant, including her representatives, agents, heirs, relatives, and assigns, and the United States and all agents, officers, employees, and contractors thereof (hereinafter the "Released Parties"), hereby withdraw all claims and waive any answer and defense that the Released Parties have or might have relating to the investigation, seizure, and forfeiture of the Defendant Asset, including but not limited to any claim for lost profits, lost interest, or excessive fines under the Eighth Amendment of the United States Constitution.
3

15. The Released Parties agree to release and hold harmless each other from all claims that currently exist or that may arise as a result of the United States' actions against and relating to the Defendant Asset.

16. The undersigned counsel for the Claimant, who also represented the Defendant Naman Wakil ("Defendant") in criminal case number 21-CR-20406-KMW in the Southern District of Florida before his passing, hereby represents he has reviewed and discussed the Agreement with the Claimant, and has advised her that the terms of the Agreement are in her best interests. The undersigned counsel for the Claimant and Defendant has also advised the Claimant as to any potential conflict of interest in regards to his current representation of her, and his former representation of the Defendant. The Claimant hereby knowingly and willfully waives any potential conflict of interest.

17. The Claimant acknowledges that the Debt Collection Improvement Act of 1996, as codified at 31 U.S.C. § 3716 and administered through the Treasury Offset Program ("TOP"), requires the United States Treasury to offset federal payments to collect certain delinquent debts owed by a payee to the United States, a United States agency, or a state. Accordingly, the Claimant acknowledges that the amount of the Settlement Payment may be reduced by the amount of any such delinquent debt that the United States Treasury is required to collect through TOP.

18. Each of the Parties agrees to bear its own costs and attorney's fees.

19. The Claimant has read and fully understands each provision of the Agreement, and has freely and voluntarily signed the Agreement.

20. The Agreement may be executed in one or more counterparts, each of which when executed and delivered shall be an original, and all of which when executed shall constitute one and the same instrument.

21. The Agreement contains the entire agreement between the Parties.

**FOR CLAIMANT:**

12-3-2024
Date

_____
Howard Srebnick
Attorney for Claimant  12-3-2024

_____
Date

_____
Ingrid Maria Sayegh Sakkal
Claimant

**FOR THE UNITED STATES OF AMERICA:**

MARKENZY LAPOINTE
United States Attorney

12/2/2024
Date

_____ for _____
Mark P. Calderón
Michael Berger
Assistant United States Attorneys

5

when executed and delivered shall be an original, and all of which when executed shall constitute one and the same instrument.

21. The Agreement contains the entire agreement between the Parties.

FOR CLAIMANT:

_____         _____
Date                         Howard Srebnick
                             Attorney for Claimant

_10-15-2024_                 _____*Ingrid Sayegh*_____
Date                         Ingrid Maria Sayegh Sakkal
                             Claimant

FOR THE UNITED STATES OF AMERICA:

                             MARKENZY LAPOINTE
                             United States Attorney

_____          _____
Date                         Marx P. Calderón
                             Michael Berger
                             Assistant United States Attorneys

5